E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax Section
ANDREW T. PRIBE (CA SBN 254904)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6551
    Facsimile: (213) 894-0115
    E-mail: andrew.t.pribe@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SW MEDIA HOLDINGS, INC., f/k/a SNAPWIRE MEDIA, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 2:24-cv-7124 SVW(JPRx)<br><br>United States of America's Answer to Plaintiff's First Amended Complaint |

The United States of America, Defendant, responds to the first amended complaint (dkt. 38) of SW Media Holdings, Inc., f/k/a Snapwire Media, Inc., Plaintiff, as follows:

1. The United States admits that the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, 134 Stat. 281 (2020)

1

was enacted in March 2020. The United States admits that § 2301 of the CARES Act provides for an employee-retention credit to eligible employers as specified in the statute. The United States admits that the employee-retention credit provided for in § 2301 of the CARES Act was extended by the Taxpayer Certainty and Disaster Tax Relief Act of 2020, which is Division EE of the Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182 (2020). The United States admits that § 3134 of the Internal Revenue Code, 26 U.S.C. (IRC), was enacted in March 2021 by the American Rescue Plan Act of 2021, Pub. L. No. 117-2, 135 Stat. 4 (2021). The United States admits that the CARES Act, as amended by § 207(a)(1) of the Taxpayer Certainty and Disaster Tax Relief Act of 2020, authorizes the employee-retention credit to eligible employers relating to wages paid after March 12, 2020, and before July 1, 2021, and IRC § 3134 authorizes the employee-retention credit to eligible employers relating to wages paid after June 30, 2021, and before January 1, 2022. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 1 of Plaintiff's first amended complaint.

2. The United States admits the allegations contained in paragraph 2 of Plaintiff's first amended complaint.

3. The United States admits that Plaintiff filed adjusted employer's quarterly federal tax returns or claims for refund (form 941-X) for the first, second, and third quarters of 2021 seeking refunds of employment taxes for those periods, which, as of the date of the filing of the first amended complaint, the IRS has not allowed. The United States lacks knowledge or information sufficient to form a belief about whether Plaintiff satisfies the statutory requirements for an employee-retention credit for the first, second,

and third quarters of 2021. The United States admits that on September 14, 2023, the Internal Revenue Service stated in bulletin IR-2023-169: "To protect taxpayers from scams, IRS orders immediate stop to new Employee Retention Credit processing amid surge of questionable claims; concerns from tax pros, aggressive marketing to ineligible applicants highlights unacceptable risk to businesses and the tax system." The United States admits that the IRS stated in bulletin IR-2023-169: "Moratorium on processing of new claims through year's end will allow IRS to add more safeguards to prevent future abuse, protect businesses from predatory tactics; IRS working with Justice Department to pursue fraud fueled by aggressive marketing." The United States admits that on June 20, 2024, the Internal Revenue Service stated in news release IR-2024-169: "During the ERC review period, the IRS continued to process claims received prior to September 2023. The agency processed 28,000 claims worth $2.2 billion and disallowed more than 14,000 claims worth more than $1 billion." The United States admits that the IRS stated in news release IR-2024-169: "Highest-risk claims being denied, additional processing to begin on low-risk claims; heightened scrutiny and review continues as compliance work tops $2 billion; IRS will consult with Congress on potential legislative action before making decision on future of moratorium." The United States admits that the IRS stated in IR-2024-169: "In light of the large inventory and the results of the ERC review, the IRS will keep the processing moratorium in place on ERC claims submitted after Sept. 14, 2023. The IRS will use this period to gather additional feedback from partners, including Congress and others, on the future course of ERC." The United States denies that the Internal Revenue Service did, or even could, prohibit a taxpayer's statutory right to seek a tax refund in United States district court under 26 U.S.C. § 7422. The United

States denies any remaining allegations contained in paragraph 3 of Plaintiff's first amended complaint.

4. The United States admits that Plaintiff seeks a tax refund for the first, second, and third quarters of 2021 and that Plaintiff claims that it is entitled to the employee-retention credit for those periods. The United States lacks knowledge or information sufficient to form a belief about whether Plaintiff satisfies the statutory requirements for an employee-retention credit for the first, second, and third quarters of 2021.

5. The United States admits the allegations contained in paragraph 5 of Plaintiff's first amended complaint.

6. The United States admits the allegations contained in paragraph 6 of Plaintiff's first amended complaint.

7. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of Plaintiff's first amended complaint.

8. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of Plaintiff's first amended complaint.

9. The United States admits the allegations contained in paragraph 9 of Plaintiff's first amended complaint.

10. The United States admits that Exec. Ord. 14002, 86 Fed. Reg. 7229 (Jan. 22, 2021) states in part:

> Section 1. Background. The pandemic caused by the coronavirus disease 2019 (COVID–19) has led to an economic crisis marked by the closure of small businesses, job loss, food and housing insecurity, and increased challenges for working families balancing jobs and caregiving responsibilities. The current economic crisis has affected Americans

>throughout the Nation, but it is particularly dire in communities of color. The problems are exacerbated because State and local governments are being forced to consider steep cuts to critical programs to address revenue shortfalls the pandemic has caused. In addition, many individuals, families, and small businesses have had difficulties navigating relief programs with varying eligibility requirements, and some are not receiving the intended assistance. The economic crisis resulting from the pandemic must be met by the full resources of the Federal Government.

The United States denies any allegations contained in paragraph 10 of Plaintiff's first amended complaint inconsistent with this admission.

11. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of Plaintiff's first amended complaint.

12. The United States admits that § 2301 of Subtitle C (business provisions) of the CARES Act created the employee-retention credit. The United States admits that under § 2301 of the CARES Act, as amended by the Taxpayer Certainty and Disaster Tax Relief Act of 2020, which is Division EE of the Consolidated Appropriations Act, 2021, and under IRC § 3134, an eligible employer who pays qualified wages is entitled to a credit against employment taxes as specified in the Act. The United States admits that the CARES Act, as amended by § 207(a)(1) of the Taxpayer Certainty and Disaster Tax Relief Act of 2020, authorizes the employee-retention credit to eligible employers relating to wages paid after March 12, 2020, and before July 1, 2021, and IRC § 3134 authorizes the employee-retention credit to eligible employers relating to wages paid after June 30, 2021, and before January 1, 2022. The United States denies any allegations contained in

5

1  paragraph 12 of Plaintiff's first amended complaint inconsistent with these
2  admissions.
3      13.    The United States lacks knowledge or information sufficient to
4  form a belief about the truth of the allegations contained in paragraph 13 of
5  Plaintiff's first amended complaint.
6      14.    The United States admits that § 207(i) of the Taxpayer Certainty
7  and Disaster Tax Relief Act of 2020, which is Division EE of the
8  Consolidated Appropriations Act, 2021, amended § 2301 of the CARES Act
9  by adding subsection (n) (Public Awareness Campaign).  The United States
10 admits that amended § 2301(n)(1) provides: "The Secretary shall conduct a
11 public awareness campaign, in coordination with the Administrator of the
12 Small Business Administration, to provide information regarding the
13 availability of the credit allowed under this section."  The United States
14 admits that the amended § 2301(n)(2) provides: "Under the campaign
15 conducted under paragraph (1), the Secretary shall (A) provide to all
16 employers which reported not more than 500 employees on the most recently
17 filed return of applicable employment taxes a notice about the credit allowed
18 under this section and the requirements for eligibility to claim the credit,
19 and (B) not later than 30 days after the date of the enactment of this
20 subsection, provide to all employers educational materials relating to the
21 credit allowed under this section, including specific materials for businesses
22 with not more than 500 employees."  The United States lacks knowledge or
23 information sufficient to form a belief about the truth of any remaining
24 allegations contained in paragraph 14 of Plaintiff's first amended complaint.
25     15.    The United States admits that the § 2301(a) of the CARES Act,
26 as originally enacted, stated: "In the case of an eligible employer, there shall
27 be allowed as a credit against applicable employment taxes for each calendar

6

quarter an amount equal to 50 percent of the qualified wages with respect to each employee of such employer for such calendar quarter." The United States admits that § 2301(b)(1) of the CARES Act, as originally enacted, stated: "The amount of qualified wages with respect to any employee which may be taken into account under subsection (1) by the eligible employer for all calendar quarters shall not exceed $10,000." The United States denies any allegations contained in paragraph 15 of Plaintiff's first amended complaint inconsistent with these admissions.

16. The United States admits that §§ 206(b), 206(c), and 207(a)(1) the Taxpayer Certainty and Disaster Tax Relief Act of 2020, which is Division EE of the Consolidated Appropriations Act, 2021, amended § 2301(a) of the CARES Act, by: (1) raising the amount of the credit from 50% of the qualified wages with respect to each employee of the employer for the calendar quarter to 70% of the qualified wages with respect to each employee of the employer for the calendar quarter; (2) amending § 2301(b)(1) to state: ""The amount of qualified wages with respect to any employee which may be taken into account under subsection (1) by the eligible employer for any calendar quarter shall not exceed $10,000."; (3) amending § 2301(m) to state: "This section shall only apply to wages paid after March 12, 2020, and before July 1, 2021." The United States admits that, except as to a "recovery startup business," 26 U.S.C. § 3134 provides for an employee-retention credit for the third quarter of 2021 comparable in amount to that provided for by the CARES Act, as amended by the Taxpayer Certainty and Disaster Tax Relief Act of 2020. The United States denies any allegations contained in paragraph 16 of Plaintiff's first amended complaint inconsistent with these admissions.

17. The United States admits that the employee-retention credit is limited to $5,000 per employee per year in 2020, and $7,000 per employee per quarter in 2021. The United States denies any allegations contained in paragraph 17 of Plaintiff's first amended complaint inconsistent with these admissions.

18. The United States admits that for the first and second quarters of 2021, § 2301(c)(3)(A) of the CARES Act as amended by §§ 206(b)(1) and 207(e) the Taxpayer Certainty and Disaster Tax Relief Act of 2020, which is Division EE of the Consolidated Appropriations Act, 2021, defines qualified wages as: "(A) IN GENERAL.—The term 'qualified wages' means—(i) in the case of an eligible employer for which the average number of full-time employees (within the meaning of section 4980H of the Internal Revenue Code of 1986) employed by such eligible employer during 2019 was greater than 500, wages paid by such eligible employer with respect to which an employee is not providing services due to circumstances described in subclause (I) or (II) of paragraph (2)(A)(ii), or (ii) in the case of an eligible employer for which the average number of full-time employees (within the meaning of section 4980H of the Internal Revenue Code of 1986) employed by such eligible employer during 2019 was not greater than 500—(I) with respect to an eligible employer described in subclause (I) of paragraph (2)(A)(ii),wages paid by such eligible employer with respect to an employee during any period described in such clause, or (II) with respect to an eligible employer described in subclause (II) of such paragraph, wages paid by such eligible employer with respect to an employee during such quarter. (B) EXCEPTION.—The term 'qualified wages' shall not include any wages taken into account under section 7001 or section 7003 of the Families First Coronavirus Response Act." The United States admits that for the first and

second quarters of 2021, § 2301(c)(5), as amended by §§ 206(b)(2) the Taxpayer Certainty and Disaster Tax Relief Act of 2020, which is Division EE of the Consolidated Appropriations Act, 2021, states: "(A) IN GENERAL.—'wages' means wages (as defined in section 3121(a) of the Internal Revenue Code of 1986) and compensation (as defined in section 3231(e) of such Code).  (B) ALLOWANCE FOR CERTAIN HEALTH PLAN EXPENSES.— (i) IN GENERAL.—Such term shall include amounts paid by the eligible employer to provide and maintain a group health plan (as defined in section 5000(b)(1) of the Internal Revenue Code of 1986), but only to the extent that such amounts are excluded from the gross income of employees by reason of section 106(a) of such Code. (ii) ALLOCATION RULES.—For purposes of this section, amounts treated as wages under clause (i) shall be treated as paid with respect to any employee (and with respect to any period) to the extent that such amounts are properly allocable to such employee (and to such period) in such manner as the Secretary may prescribe. Except as otherwise provided by the Secretary, such allocation shall be treated as properly made if made on the basis of being pro rata among periods of coverage."  The United States admits that IRC § 3134(c)(3)(A) and (B) defines qualified wages as: "(A) In general.--The term 'qualified wages' means-- (i) in the case of an eligible employer for which the average number of full-time employees (within the meaning of section 4980H) employed by such eligible employer during 2019 was greater than 500, wages paid by such eligible employer with respect to which an employee is not providing services due to circumstances described in subclause (I) or (II) of paragraph (2)(A)(ii), or (ii) in the case of an eligible employer for which the average number of full-time employees (within the meaning of section 4980H) employed by such eligible employer during 2019 was not greater

1  than 500--(I) with respect to an eligible employer described in subclause (I) of
2  paragraph (2)(A) (ii), wages paid by such eligible employer with respect to an
3  employee during any period described in such clause, or (II) with respect to
4  an eligible employer described in subclause (II) of such paragraph, wages
5  paid by such eligible employer with respect to an employee during such
6  quarter. (B) Special rule for employers not in existence in 2019.--In the case
7  of any employer that was not in existence in 2019, subparagraph (A) shall be
8  applied by substituting '2020' for '2019' each place it appears." The United
9  States denies any allegations contained in paragraph 18 of Plaintiff's first
10 amended complaint inconsistent with these admissions.
11      19.   The United States admits that the employee-retention credit
12 provided for under § 2301 of the CARES Act as amended by the Taxpayer
13 Certainty and Disaster Tax Relief Act of 2020, which is Division EE of the
14 Consolidated Appropriations Act, 2021, was not available to employers for
15 tax periods after the second quarter of 2021.  The United States admits that
16 the employee-retention credit provided for in 26 U.S.C. § 3134 is only
17 available to employers for the third quarter of 2021, or, as to a "recovery
18 startup business," the third and fourth quarter of 2021.  The United States
19 denies any allegations contained in paragraph 19 of Plaintiff's first amended
20 complaint inconsistent with these admissions.
21      20.   The United States denies the allegations contained in paragraph
22 20 of Plaintiff's first amended complaint.
23      21.   The United States denies the allegations contained in paragraph
24 21 of Plaintiff's first amended complaint.
25      22.   The United States denies the allegations contained in paragraph
26 22 of Plaintiff's first amended complaint.
27
28

23. The United States denies the allegations contained in paragraph 23 of Plaintiff's first amended complaint.

24. The United States denies the allegations contained in paragraph 24 of Plaintiff's first amended complaint.

25. The United States denies the allegations contained in paragraph 25 of Plaintiff's first amended complaint.

26. The United States admits that on September 14, 2023, the Internal Revenue Service stated in bulletin IR-2023-169: "To protect taxpayers from scams, IRS orders immediate stop to new Employee Retention Credit processing amid surge of questionable claims; concerns from tax pros, aggressive marketing to ineligible applicants highlights unacceptable risk to businesses and the tax system." The United States admits that the IRS stated in bulletin IR-2023-169: "Moratorium on processing of new claims through year's end will allow IRS to add more safeguards to prevent future abuse, protect businesses from predatory tactics; IRS working with Justice Department to pursue fraud fueled by aggressive marketing." The United States admits that on June 20, 2024, the Internal Revenue Service stated in news release IR-2024-169: "During the ERC review period, the IRS continued to process claims received prior to September 2023. The agency processed 28,000 claims worth $2.2 billion and disallowed more than 14,000 claims worth more than $1 billion." The United States admits that the IRS stated in news release IR-2024-169: "Highest-risk claims being denied, additional processing to begin on low-risk claims; heightened scrutiny and review continues as compliance work tops $2 billion; IRS will consult with Congress on potential legislative action before making decision on future of moratorium." The United States admits that the IRS stated in IR-2024-169: "In light of the large inventory and the results of the

11

ERC review, the IRS will keep the processing moratorium in place on ERC claims submitted after Sept. 14, 2023. The IRS will use this period to gather additional feedback from partners, including Congress and others, on the future course of ERC." The United States denies any allegations contained in paragraph 26 of Plaintiff's first amended complaint inconsistent with these admissions.

27. The United States admits the IRS stated in news release IR-2023-169: "For those who currently have an ERC claim on file, the IRS will continue processing these claims during the moratorium period but at a greatly reduced speed due to the complex nature of these filings and the need to protect businesses from being improperly paid." The United States denies that the Internal Revenue Service did, or even could, prohibit a taxpayer's statutory right to seek a tax refund in United States district court under 26 U.S.C. § 7422. The United States denies the remaining allegations contained in paragraph 27 of Plaintiff's first amended complaint.

28. The United States denies the allegations contained in paragraph 28 of Plaintiff's first amended complaint.

29. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of Plaintiff's first amended complaint.

30. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of Plaintiff's first amended complaint.

31. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of Plaintiff's first amended complaint.

32. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of Plaintiff's first amended complaint.

33. The United States admits the allegation contained in paragraph 33 of Plaintiff's first amended complaint and repeats its responses to paragraphs 1 through 32 of Plaintiff's first amended complaint.

34. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of Plaintiff's first amended complaint.

35. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of Plaintiff's first amended complaint.

36. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 36 of Plaintiff's first amended complaint.

37. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of Plaintiff's first amended complaint.

38. The United States admits that Plaintiff filed forms 941-Xs as specified below:

| Tax Period | Form 941-X filing date | Amount of refund claimed on Form 941-X |
|---|---|---|
| 1Q2021 | June 27, 2023 | $146,311.90 |
| 2Q2021 | June 29, 2023 | $107,452.80 |
| 3Q2021 | June 29, 2023 | $63,000 |

The United States denies the allegations contained in paragraph 38 of Plaintiff's first amended complaint that are inconsistent with these

13

admissions.  The United States lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff's form 941-Xs were proper.

39.	The United States admits that, as of the date of the filing of the first amended complaint, the IRS has not allowed Plaintiff's refund claims for the first, second, and third quarters of 2021.  The United States lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is entitled the refunds requested in Plaintiff's 941-Xs for the first, second, and third quarters of 2021.  The United States denies that the Internal Revenue Service has failed in any statutory duty it has related to Plaintiff's 941-Xs for the first, second, and third quarters of 2021.

40.	The United States admits that 26 U.S.C. § 6611(a) provides that interest "shall be allowed and paid upon any overpayment" of an internal-revenue tax.  The United States admits that as to refunds, 26 U.S.C. § 6611(b)(2) provides that such "interest shall be allowed and paid … from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days[.]"  The United States lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is entitled the refunds requested in Plaintiff's 941-Xs for the first, second, and third quarters of 2021.  The United States denies that the Internal Revenue Service has failed in any statutory duty it has related to Plaintiff's 941-Xs for the first, second, and third quarters of 2021.

41.	The United States admits that IRC § 7422(a) provides in part that no refund suit shall be maintained in any court "until a claim for refund or credit has been duly filed with the Secretary."  The United States admits that IRC § 6532(a) provides in part that no refund suit under IRC § 7422 may be commenced before six months (unless the Secretary issues a decision

on the refund claim within that time) nor after two years from the date the Secretary mails a notice of disallowance of the claim. The United States denies any allegations contained in paragraph 41 of Plaintiff's first amended complaint inconsistent with these admissions.

42. The United States admits the allegation contained in paragraph 42 of Plaintiff's first amended complaint and repeats its responses to paragraphs 1 through 41 of Plaintiff's first amended complaint.

43. The United States admits that IRC § 7430 provides for costs and fees under the provisions set forth therein. The United States denies the remaining allegations contained in paragraph 43 of Plaintiff's first amended complaint.

44. The United States admits that Plaintiff's seek the relief alleged in paragraph 44 of Plaintiff's first amended complaint. The United States lacks knowledge or information sufficient to form a belief about whether Plaintiff satisfies the statutory requirements for an employee-retention credit for the first, second, and third quarters of 2021. The United States lacks knowledge or information sufficient to form a belief about whether Plaintiff is entitled to tax refunds for the first, second, and third quarters of 2021 and any corresponding interest. The United States denies that Plaintiff is entitled to attorney's fees and costs.

WHEREFORE, the United States of America, Defendant, requests this Court to deny Plaintiff's request for relief and enter judgment in favor of the United States of America and grant such further relief, including costs, as the Court deems appropriate.

///

///

///

AFFIRMATIVE DEFENSES

In response to the first amended complaint, the United States of America, Defendant, asserts the following affirmative defenses:

1. The arguments raised in support of Plaintiff's suit for refund may not be at variance with those raised by Plaintiff during the administrative process.

2. If Plaintiff proves that it is entitled to a tax refund for the first, second, and third quarters of 2021 due to the application of the employee-retention credit, then the United States is entitled to an offset for Plaintiff's tax deficiency for its 2021 corporate income tax resulting from Plaintiff's failure, if any, to reduce its deduction for wages by the amount of the employee-retention credit.

Dated: December 20, 2024

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax Section

**/s/ Andrew T. Pribe**

ANDREW T. PRIBE
Assistant United States Attorney